**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**(Huntington Division)**

DOUGLAS W. ADAMS, WAYNE
G. JARRELL and DENNIS A.
RAY,

       Plaintiffs,

       v.                                  **Civil Action No.** 3:15-cv-8083

CABELL COUNTY COMMISSION,
CABELL COUNTY SHERIFF'S
DEPARTMENT and
SHERIFF THOMAS McCOMAS,

       Defendants.

## COMPLAINT

NOW COME Plaintiffs Douglas W. Adams, Wayne G. Jarrell, and Dennis A. Ray, by

and through their undersigned counsel, and file this Complaint against the Cabell County

Commission, Cabell County Sheriff's Department, and Sheriff Thomas McComas, making

claims to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C.

§ 201 et seq., stating as follows:

## PARTIES

1.      Plaintiff Douglas W. Adams ("Plaintiff Adams") is an individual residing in

Lesage, Cabell County, West Virginia.

2.      Plaintiff Wayne G. Jarrell ("Plaintiff Jarrell") is an individual residing in Milton,

Cabell County, West Virginia.

3.      Plaintiff Dennis A. Ray ("Plaintiff Ray") is an individual residing in Milton, Cabell County, West Virginia.

4.      Defendant Cabell County Commission ("Defendant CCC") is a political subdivision located in Cabell County, West Virginia.  Defendant CCC is a co-employer and/or joint employer of Plaintiffs with Defendant Cabell County Sheriff's Department.

5.      Defendant Cabell County Sheriff's Department ("Defendant CCSD") provides law enforcement and home confinement services in Cabell County, West Virginia.   Defendant CCSD is a co-employer and/or joint employer of Plaintiffs with Defendant CCC.

6.      Defendant Sheriff Thomas McComas ("Defendant McComas") is a resident of Cabell County, West Virginia, and has been the Sheriff of Cabell County since January 1, 2009. Defendant McComas, at all times relevant to the claims in this Complaint, has been Plaintiffs' supervisor.

7.      As the Sheriff of Cabell County, Defendant McComas, at all relevant times, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiffs.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 28 U.S.C. § 1331 because this claim arises under the laws of the United States.

9.      At all relevant times, Plaintiffs were employees of Defendants performing law enforcement duties as Deputy Sheriffs throughout Cabell County, West Virginia.

10.     Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district and a

substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS

### (Plaintiff Adams)

11.     Plaintiff Adams was hired as a Deputy Sheriff by Defendants CCC and CCSD on or about October 15, 1999.

12.     From approximately 2000 until August 2013, Plaintiff Adams was assigned a police working dog, and Plaintiff Adams continually worked as a police working dog handler for Defendant CCSD.  The assigned police working dog accompanied Plaintiff Adams whenever Plaintiff Adams was on duty as a Deputy Sheriff.

13.     Over the course of Plaintiff Adams' assignment as a police working dog handler, Defendant CCSD provided Plaintiff Adams with three successive police working dogs.  Each police working dog was kenneled at Plaintiff Adams' home and Plaintiff Adams provided all necessary care, feeding, watering, grooming, bathing, exercising, transporting, and training of each police working dog.

14.     The kenneling, care, feeding, watering, grooming, bathing, exercising, transporting, and training of each police working dog were necessary, integral and indispensable aspects of Plaintiff Adams' duties as a Deputy Sheriff and police working dog handler.

15.     At all relevant times, Plaintiff Adams spent an average of four and one-half (4.5) hours each week kenneling, caring for, feeding, watering, grooming, bathing, exercising, transporting, and training the police working dog assigned to him.

16.     At all relevant times, Plaintiff Adams performed the kenneling, care, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog assigned to him prior to, or after his assigned work hours.

17.     At all relevant times, Plaintiff Adams typically worked at least 86.67 hours in a 15 day work period and received overtime pay for work hours over 86.67 work hours in a work period.

18.     Plaintiff Adams, however, never received wages for his time spent kenneling, caring for, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog assigned to him.

### (Plaintiff Jarrell)

19.     Plaintiff Jarrell was hired as a Deputy Sheriff by Defendants CCC and CCSD in or about July 2004.

20.     From approximately September 1, 2013 until the present, Plaintiff Jarrell has been assigned a police working dog, and Plaintiff Jarrell has continually worked as a police working dog handler for Defendant CCSD.  The assigned police working dog has accompanied Plaintiff Jarrell whenever Plaintiff Jarrell has been on duty as a Deputy Sheriff.

21.     The police working dog assigned to Plaintiff Jarrell has been kenneled at Plaintiff Jarrell's home and Plaintiff Jarrell has provided all necessary care, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog.

22.     The kenneling, care, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog are necessary, integral and indispensable aspects of Plaintiff Jarrell's duties as a Deputy Sheriff and police working dog handler.

23.     At all relevant times, Plaintiff Jarrell has spent an average of four and one-half (4.5) hours each week kenneling, caring for, feeding, watering, grooming, bathing, exercising, transporting, and training the police working dog assigned to him.

24.     At all relevant times, Plaintiff Jarrell has performed the kenneling, care, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog assigned to him prior to, or after his assigned work hours.

25.     At all relevant times, Plaintiff Jarrell typically worked at least 86.67 hours in a 15 day work period and received overtime pay for work hours over 86.67 work hours in a work period.

26.     Plaintiff Jarrell, however, has never received wages for his time spent kenneling, caring for, feeding, watering, grooming, bathing, exercising, transporting, and training the police working dog assigned to him.

### (Plaintiff Ray)

27.     Plaintiff Ray was hired as a Deputy Sheriff by Defendants CCC and CCSD on or about November 1, 2001.

28.     From approximately February 2009 until on or about March 15, 2015, Plaintiff Ray was assigned a police working dog, and Plaintiff Ray continually worked as a police working dog handler for Defendant CCSD.  The assigned police working dog accompanied Plaintiff Ray whenever Plaintiff Ray was on duty as a Deputy Sheriff.

29.     The police working dog assigned to Plaintiff Ray was kenneled at Plaintiff Ray's home and Plaintiff Ray provided all necessary care, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog.

30.     The kenneling, care, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog were necessary, integral and indispensable aspects of Plaintiff Ray's duties as a Deputy Sheriff and police working dog handler.

31.     At all relevant times, Plaintiff Ray spent an average of four and one-half (4.5) hours each week kenneling, caring for, feeding, watering, grooming, bathing, exercising, transporting, and training the police working dog assigned to him.

32.     At all relevant times, Plaintiff Ray performed the kenneling, care, feeding, watering, grooming, bathing, exercising, transporting, and training of the police working dog assigned to him prior to, or after his assigned work hours.

33.     At all relevant times, Plaintiff Ray typically worked at least 86.67 hours in a 15 day work period and received overtime pay for work hours over 86.67 work hours in a work period.

34.     Plaintiff Ray, however, has never received wages for his time spent kenneling, caring for, feeding, watering, grooming, bathing, exercising, transporting, and training the police working dog assigned to him.

## COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

35.     Plaintiffs incorporate by reference Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     Each Defendant is an "employer" as defined in the FLSA at 28 U.S.C. § 203.

37.     Defendant McComas, at all relevant times, has been the Cabell County Sheriff and an agent of Defendants CCC and CCSD, has had extensive managerial responsibilities and

6

substantial control of the terms and conditions of the work of Plaintiffs, and consequently, is an "employer" under the FLSA.

38.     Defendants were required to pay Plaintiffs overtime wages at a rate of one and one-half times Plaintiffs' regular rates for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 29 U.S.C. § 207.

39.     In the alternative, Defendants were required to pay Plaintiffs overtime wages at a rate of one and one-half times Plaintiffs' regular rates for all overtime hours worked pursuant to the FLSA provisions applicable to law enforcement activities at 29 U.S.C. § 207(k).

40.     The time spent by Plaintiffs  kenneling, caring for, feeding, watering, grooming, bathing, exercising, transporting, and training the police working dogs assigned to Plaintiffs was compensable work time for which Plaintiffs should have been paid overtime wages.

41.     Defendants failed to pay Plaintiffs all overtime wages due and owing to Plaintiffs in violation of the FLSA, 28 U.S.C. § 207.

42.     Defendants' failure to pay wages and overtime wages in violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(a)     That they may have a trial by jury;

(b)     That they be awarded all damages provided by law, including but not limited to, unpaid overtime wages;

(c)     That they be awarded liquidated damages as provided by the FLSA;

(d)     That they be awarded attorneys' fees and costs; and

(e)     That they be awarded such other relief as this Court may deem just and equitable.

**DOUGLAS W. ADAMS, WAYNE
G. JARRELL and DENNIS A.
RAY**

By Counsel


_____s/ *Mark Goldner*_____

Mark Goldner, Esq. (WV State Bar No. 11286)
Maria W. Hughes, Esq.  (WV State Bar No. 7298)
HUGHES & GOLDNER, PLLC
10 Hale Street, Fifth Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com
maria@wvemploymentrights.com