IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DOUGLAS W. ADAMS,
WAYNE G. JARRELL and
DENNIS A. RAY,

      Plaintiffs,

v.             CIVIL ACTION NO.3:15-8083

CABELL COUNTY COMMISSION,
CABELL COUNTY SHERIFF'S DEPARTMENT,
and SHERIFF THOMAS McCOMAS,

      Defendants.

**ORDER**

Pending before the Court is Plaintiffs' and Defendants' joint Motion to Approve Settlement. ECF No. 20. For the reasons set forth below, the Court GRANTS the joint Motion to Approve Settlement. ECF No. 20. The Court further DIRECTS the parties to submit a proposed order to dismiss this action within 30 days.

Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs allege that Defendants "failed to pay Plaintiffs all overtime wages due and owing to Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. § 207." ECF No. 20. The parties now submit a settlement agreement to the Court for approval. This is because, pursuant to the FLSA, "when employees file suit against their employer to recover back wages, the parties must present any proposed settlement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness." *Harper v. Elk Run Coal Co., Inc.*, No. 2:11-00305, 2012 WL 1999429, at *3 (S.D.W. Va. June 4, 2012).

In *Harper*, Judge Copenhaver set forth the factors to consider in determining whether a settlement agreement reached in an FLSA case is fair and reasonable. Specifically, Judge Copenhaver found that, while the Fourth Circuit has not directly addressed the factors that must be considered,

> [F]ederal courts typically consider the fairness factors utilized in determining court approval of class action settlements under Federal Rule of Civil Procedure 23(e). Those class action factors include: (1) the extent of discovery that has taken place, (2) the stage of the proceedings, (3) the absence of fraud or collusion in the settlement, (4) the experience of counsel who have represented plaintiffs, (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object, and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id.* (internal citations omitted).

For reasons almost identical to those discussed in the *Harper* case, the settlement agreement here appears to be fair and reasonable. This is because (1) the discovery period in this case has concluded and (2) the trial is scheduled to commence in three months; (3) there is no evidence of fraud or collusion, as the parties have, upon advice of counsel, knowingly, freely, and voluntarily entered into the settlement agreement now presented to the Court; (4) Plaintiffs' counsel appear to be experienced attorneys, as they are well versed in the FLSA and its settlement procedures; (5) Plaintiffs have received notice of this settlement (as they jointly proposed it) and have not objected; (6) based on the parties' own judgments as to the likelihood of success on the merits, the amount of the settlement appears to be reasonable relative to the potential recovery. As such, the Court concludes that the settlement agreement is fair and reasonable.

Therefore, the Court **GRANTS** the parties' joint Motion to Approve Settlement. ECF No. 20. The Court further **DIRECTS** the parties to submit a proposed order to dismiss this action within 30 days.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    April 15, 2016

    ROBERT C. CHAMBERS, CHIEF JUDGE